IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

MICHEAL L. McLAUGHLIN,                    )
                                          )
              Plaintiff;                  )
     v.                                   )
                                          )
The ALASKA SUPREME COURT, Chief Justice)
WALTER L. CARPENETI, Justice ROBERT L.)
EASTUAGH, Justice DANA FABE, Justice)
MORGAN CHRISTEN, and Justice DANIEL E.)
WINFREE, also; CHRISTINE JOHNSON, the)
Administrative Director of the Alaska)
Court System, MARILYN MAY and LORI WADE)
clerks of the appellate courts, Superior)
Court Judge CHARLES HUGUELET, District)
Court Judge MARGARET L. MURPHY, MARLA N.)
GREENSTEIN as Executive Director of the)
Alaska Commission on Judicial Conduct,)
Assistant District Attorney JEAN SEATON,)
and the ALASKA BAR ASSOCIATION,          )
                                          )
              Defendants.                 )
                                          )
_____)



DEC 14 2010

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

3: 10-cv-272-TMB

Docket No.# _____

## CIVIL COMPLAINT

### COMPLAINT FOR VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983
### ACTION FOR NEGLIGENCE, CONSPIRACY, AND SEEKING DECLARATORY RELIEF

Plaintiff's counsel;

Micheal L. Mclaughlin
IN PROPERIA PERSONA
c/o Hudson Correctional Facility
3001 North Juniper Street
Hudson, Colorado      -80642-

MICHEAL L MCLAUGHLIN PRO PER
Name
AKDOC # 166227
Prison Number
HUDSON CORRECTIONAL FACILITY
Place of confinement
3001 NORTH JUNIPER STREET
Mailing address
HUDSON, COLORADO 80642
City, State, Zip

Telephone

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MICHEAL L MCLAUGHLIN                    ,
(Enter full name of plaintiff in this action)

Plaintiff,

vs. THE ALASKA SUPREME COURT, CHIEF JUSTICE
WALTER L. CARPENETI, JUSTICE(S) ROBERT L. EASTAUGH
JUSTICE DANA FABE; JUSTICE MORGAN CHRISTEN, JUSTICE
DANIEL E WINFREE & CHRISTINE JOHNSON (ADMIN DIR
AK CT SYS), MARILYN MAY & LORI WADE (CLERK OF
THE APPELLATE COURTS) SUPERIOR CT JUDGE CHARLES T.
HUGUELET DISTRICT COURT JUDGE MARGARET L. MURPHY,
MARLA N. GREENSTEIN (EXECUTIVE DIR COMMN JUDICIAL
CONDUCT), ASST DISTRICT ATTORNEY JEAN E SEATON, AND
THE ALASKA BAR ASSOCIATION;
(Enter full names of defendant(s) in this action.
Do NOT use et al.)

Defendant(s).

Case No. _____
(To be supplied by Court)

**PRISONER'S
COMPLAINT UNDER
THE CIVIL RIGHTS ACT
42 U.S.C. § 1983**

## A. Jurisdiction

Jurisdiction is invoked under 28 U.S.C. § 1343(a)(3).
JURISDICTION IS INVOKED UNDER 28 U.S.C § 2201 AND §2202

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of   MICHEAL L. MCLAUGHLIN   ,
(print your name)

who presently resides at   HUDSON CORRECTIONAL FACILITY   3001 NORTH JUNIPER STREET , were
(mailing address or place of confinement)
violated by the actions of the below named individual(s).

Prisoner § 1983
Form Effect. 2/05

# Section II — Defendants

Defendant No. #1, Alaska Supreme Court, is a constitutionally created entity of the sovereign State of Alaska. The plaintiff now alleges that the policies, practices, and customs of this governmental entity violates your plaintiff's constitutional rights. Your plaintiff seeks declaratory and injunctive relief as to this set of defendant(s) in this capacity.

Defendant No. #2, Chief Justice Walter L. Carpeneti, is a citizen of the State of Alaska and employed as the Chief Justice of the Alaska Supreme Court. This defendant personally participated in causing constitutional harms and injury to the plaintiff while he was acting outside of his lawful jurisdiction, thus this defendant is being sued in his individual capacity. Your plaintiff seeks declaratory and injunctive remedy as well as economic, compensatory, and punitive award.

Defendant No. #3, Justice Robert L. Eastaugh, is both a citizen of the State of Alaska and employed as an associate justice of the Alaska Supreme Court. This defendant personally participated in causing constitutional harms and injury to the plaintiff while he was acting outside of his lawful jurisdiction, thus this defendant is being sued in his individual capacity. Your plaintiff seeks declaratory and injunctive remedy as well economic, compensatory, and punitive award.

Defendant No. #4, Justice Dana Fabe, is also both a citizen of the State of Alaska and employed as an associate justice of the Alaska Supreme Court. This defendant personally participated in causing constitutional harms and injury to the plaintiff while she was acting outside her lawful jurisdiction, thus this defendant is being sued in her individual capacity. Your plaintiff seek declaratory and injunctive remedy as well as economic, compensatory, and punitive award.

Case 3:10-cv-00272-TMB   Document 1   Filed 12/14/10   Page 3 of 30

DEFENDANT No. #5, JUSTICE MORGAN CHRISTEN, IS BOTH A CITIZEN OF THE STATE OF ALASKA AND EMPLOYED AS AN ASSOCIATE JUSTICE OF THE ALASKA SUPREME COURT. THIS DEFENDANT PERSONALLY PARTICIPATED IN CONSTITUTIONAL HARMS AND INJURY TO THE PLAINTIFF WHILE SHE WAS ACTING OUTSIDE OF HER LAWFUL JURISDICTION, THUS THIS DEFENDANT IS BEING SUED IN HER INDIVIDUAL CAPACITY. YOUR PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE REMEDY AS WELL AS ECONOMIC, COMPENSATORY, AND PUNITIVE AWARD.

DEFENDANT No. #6, DANIEL E. WINFREE, IS BOTH A CITIZEN OF THE STATE OF ALASKA AND EMPLOYED AS AN ASSOCIATE JUSTICE OF THE ALASKA SUPREME COURT. THIS DEFEDANT PERSONALLY PARTICIPATED IN CONSTITUTIONAL HARMS AND INJURY TO THE PLAINTIFF WHILE ACTING OUTSIDE OF HIS LAWFUL JURISDICTION, THUS THIS DEFENDANT IS NOW BEING SUED IN HIS INDIVIDUAL CAPACITY. YOUR PLAINTIFF SEEKS BOTH DECLARATORY AND INJUNCTIVE REMEDY AS WELL AS AN ECONOMIC, COMPENSATORY AND PUNITIVE AWARD.

DEFENDANT No. #7, CHRISTINE JOHNSON, IS BOTH A CITIZEN OF THE STATE OF ALASKA AND EMPLOYED AS THE ADMINISTRATIVE DIRECTOR FOR THE ALASKA COURT SYSTEM. THE PLAINTIFF NOW ALLEGES THAT THE POLICIES, PRACTICES, AND CUSTOMS OF THIS GOVERNMENTAL OFFICE VIOLATES YOUR PLAINTIFFS CONSTITUTIONAL RIGHTS. YOUR PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE REMEDY AS TO THIS DEFENDANT

DEFENDANT No. #8, MARILYN MAY, IS BOTH A CITIZEN OF THE STATE OF ALASKA AND IS EMPLOYED AS THE CHIEF CLERK OF THE APPELLATE COURTS FOR THE STATE OF ALASKA. THIS DEFENDANT ALSO PERSONALLY PARTICIPATED IN CAUSING CONSTITUTIONAL HARMS AND INJURY TO THE PLAINTIFF WHILE ACTING OUTSIDE OF THE LAWFUL JURISDICTION OF HER OFFICE, THUS THIS DEFENDANT IS NOW BEING SUED IN HER INDIVIDUAL CAPACITY. YOUR PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE REMEDY AS WELL AS AN ECONOMIC, COMPENSATORY, AND PUNITIVE AWARD.

Case 3:10-cv-00272-TMB   Document 1   Filed 12/14/10   Page 4 of 30

DEFENDANT No. #9, LORI WADE, IS BOTH A CITIZEN OF THE STATE OF ALASKA AND IS EMPLOYED AS THE DEPUTY CLERK FOR THE APPELLATE COURTS FOR THE STATE OF ALASKA. THIS DEFENDANT ALSO PERSONALLY PARTICIPATED IN CAUSING CONSTITUTIONAL HARMS AND INJURY TO THE PLAINTIFF WHILE ACTING OUTSIDE OF THE LAWFUL JURISDICTION OF HER OFFICE, THUS THIS DEFENDANT IS BEING SUED IN HER INDIVIDUAL CAPACITY. YOUR PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE REMEDY AS WELL AS AN ECONOMIC, COMPENSATORY, AND PUNITIVE AWARD.

DEFENDANT No. #10, CHARLES T. HUGUELET, IS BOTH A CITIZEN OF THE STATE OF ALASKA AND IS EPLOVED AS A SUPERIOR COURT JUDGE FOR THE STATE OF ALASKA. THIS DEFENDANT PERSONALLY PARTICIPATED IN CAUSING CONSTITUTIONAL HARMS AND INJURY WHILE ACTING OUTSIDE OF HIS LAWFUL JURISDICTION, THUS HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY. YOUR PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE REMEDY, AS WELL AS ECONOMIC, COMPENSATORY, AND PUNITIVE AWARD.

DEFENDANT No. #11, MARGARET L. MURPHY, IS BOTH A CITIZEN OF THE STATE OF ALASKA AND IS EMPLOYED AS A DISTRICT COURT JUDGE FOR THE STATE OF ALASKA. THIS DEFENDANT PERSONALLY PARTICIPATED IN THE CAUSING OF CONSTITUTIONAL HARMS IN INJURY TO THE PLAINTIFF WHILE ACTING OUTSIDE OF HER LAWFUL JURISDICTION, THUS SHE IS BEING SUED IN HER INDIVIDUAL CAPACITY. YOUR PLAINTIFF SEEKS BOTH DECLARATORY AND INJUNCTIVE RELIEF AS WELL AS ECONOMIC, COMPENSATORY, AND PUNITIVE AWARD.

DEFENDANT No. #12, MARLA N. GREENSTEIN, IS BOTH A CITIZEN OF THE STATE OF ALASKA AND IS EMPLOYED AS THE EXECUTIVE DIRECTOR OF THE ALASKA COMMISSION ON JUDICIAL CONDUCT. THE PLAINTIFF NOW ALLEGES THAT THE POLICIES, PRACTICES, AND CUSTOMS OF THIS OFFICIAL, ACTING IN THE CAPACITY OF EXECUTIVE DIRECTOR AND LEAD COUNSEL OF SAID AGENCY, VIOLATES YOUR PLAINTIFFS CONSTITUTIONAL RIGHTS. YOUR PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE REMEDY AS TO THIS DEFENDANT.

DEFENDANT No.# 13, JEAN E. SEATON, IS BOTH A CITIZEN OF THE STATE OF ALASKA AND IS EMPLOYED AS AN ASSISTANT DISTRICT ATTORNEY FOR THE STATE OF ALASKA. THIS DEFENDANT PERSONALLY PARTICIPATED IN CAUSING OF CONSTITUTIONAL HARMS AND INJURY TO THE PLAINTIFF WHILE ACTING OUTSIDE OF HER LAWFUL PROSECUTORIAL FUNCTION, THUS THIS DEFENDANT IS BEING SUED IN HER INDIVIDUAL CAPACITY. YOUR PLAINTIFF NOW SEEKS DECLARATORY AND INJUNCTIVE REMEDY AS WELL AS ECONOMIC, COMPENSATORY, AND PUNITIVE AWARD.

DEFENDANT No.# 14, ALASKA BAR ASSOCIATION, IS OFFICIALLY DESIGNATED AS AN INSTRUMENTALITY OF THE STATE OF ALASKA WHOM HAS BEEN LEGISLATIVELY AUTHORIZED TO "... SUE AND BE SUED..." IN A.S. 08.08.010. THE PLAINTIFF ALLEGES THAT THIS UNINCORPORATED PEER GROUP ASSOCIATION'S POLICIES, PRACTICES, AND CUSTOMS HAVE, AND CONTINUE TO, VIOLATE YOUR PLAINTIFF CONSTITUTIONAL RIGHTS. YOUR PLAINTIFF FURTHER ALLEGES NEGLIGENCE AND OTHER FORMS OF INTENTIONAL TORT ARISING THEREFROM. YOUR PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE RELIEF AS WELL AS AN ECONOMIC, COMPENSATORY, AND PUNITIVE AWARD.

YOUR PLAINTIFF FURTHER ALLEGES THAT ALL PARTY DEFENDANTS NAMED HEREIN, WITHOUT REGARD TO THEIR OFFICIAL TITLE OR FUNCTION, WERE ACTING UNDER THE COLOR OF LAW AT ALL TIMES AS THEY ARE DESCRIBED HEREIN. WHERE ANY DEFENDANT IS PLED IN THE CAPACITY OF BEING AN OFFICIAL HOLDING OFFICE IN THAT TITLE, BOTH THE NAMED INDIVIDUAL AND THE OFFICE HELD ARE TO BE CONSTRUED SO AS TO ASSURE THE "PERSONS" REQUIREMENT OF 42 USC $ 1983 ARE MET, AND FOR THE PURPOSES OF APPORTIONING FAULT. AS TO THE ALASKA BAR ASSOCIATION THEY ARE LIABLE FOR RIGHTS VIOLATIONS UNDER A THEORY OF OFFICIAL POLICY, PRACTICE AND / OR CUSTOMS WHICH OFFEND CONSTITUTIONAL LAW UNDER MONEL.

2(c) OF 10

# FACTUAL BASIS FOR THE COMPLAINT

## I. HABEAS CORPUS, STOLEN MAILS, AND A CONSPIRACY TO VIOLATE RIGHTS.

In mid October of 2008 your plaintiff attempted to file a petition seeking issuance of a writ of habeas corpus with the state superior court at Kenai Alaska. That petition alleged that the trial court in State v. McLaughlin, 3HO-SO6-506 CR lacked jurisdiction to go forward in prosecuting the felony DUI/Refusal action before that court by virtue of a fatally flawed indictment. The basic contention being that the indictment did not properly allege every element of the offense charged. The underlying criminal action was before District court judge Margaret L. Murphy whom was acting as a superior court judge pro tem having been assigned solely for that purpose.

The pleading in issue disappeared after being mailed from the Wildwood pretrial facility on or about October 6th, and after it was verified by both the Kenai civil clerk and officials at WPTF, your plaintiff simply filed a second surrogate petition seeking issuance of a writ of habeas corpus. The second filing was recieved by the clerk on or about October 23rd and assigned the case No.# 3KN-08-916 CI. At that point McLaughlin was not aware of the wrong which had been committed or those awaiting him, and it was not until October 28th, when your plaintiff next appeared before judge Murphy in 3HO-SO6-506 CR., that he first learned the whereabouts of what he now knows to have been his stolen article of mail.

At this hearing judge Murphy, a district court judge who lacks jurisdictional authority to act upon a petition seekin a writ of habeas corpus, admitting being in possession of the stolen article but would not say how this came to pass. The court inquired of McLaughlin if he wish to file the petition with her court and your plaintiff requested that his property be returned. McLaughlin was then instructed to put his request in writing even though

THE iTEM IN QUESTION WAS RIGHT THERE, AND TWO SUBSEQUENT LETTERS TO THAT COURT, DATED October 28th AND November 7th, WENT UNANSWERED YET THE WERE NOT IGNORED. IT WAS IN THE FOLLOWING WEEK THAT McLAUGHLIN BECAME CERTAIN THAT HIS CONSTITUTIONAL RIGHTS WEREBEING INTENTIONALLY VIOLATED WHERE FURTHER INVESTIGATION REVEALED THAT THE PARTY WHO HAD INTERCEPTED THIS ARTICLE OF MAIL BEFORE IT COULD BE RECIEVED BY THE KENAI ADDRESSEE WAS MOST LIKELY JEAN SEATON THE PROSECUTOR IN 3HO-SO6-SO6 CR. THE FRUITS, OF McLAUGHLIN'S INVESTIGATION APPEAR HEREIN AS "APPENDIX A".

THE NEXT OVERT ACT WAS COMMITTED BY JUDGE HUGUELET WHEN HE DISMISSED THE SURROGATE KENAI FILING STATING IN A WRITTEN ORDER THAT "...THE ABOVE MATTER HAS ALREADY BEEN FILED IN HOMER..." NOT ONLY WAS THIS ACTION PART OF AN UNFOLDING CONSPIRACY, IT IS ALSO DECIDEDLY ADMINISTRATIVE NOT ONLY BY ITS NATURE, BUT BECAUSE RECORDS WHICH WERE LATER RECIEVED FROM THE OFFICE OF THE PRESIDING JUDGE IN ANCHORAGE REVEALED THAT JUDGE HUGUELET WAS NEVER ACTUALLY ASSIGNED TO FILE 3HN-08-926 CI EITHER. IN ANY EVENT, AND ALSO BEING UNAWARE OF THESE FACTS AT THE TIME, McLAUGHLIN THE FILED A A MOTION TO RECONSIDER WITH JUDGE HUGUELET POINTING OUT THAT JUDGE MURPHY'S COURT LACKED SUBJECT MATTER JURISDICTION TO HEAR A HEBEAS PETITION ON OR ABOUT NOVEMBER 11, 2008 [APP. A, EX. "L"] THIS MOTION ALSO ANNOUNCED McLAUGHLIN'S INTENT TO FILE A COMPLAINT WITH THE COMMISSION ON JUDICIAL CONDUCT.

ON NOVEMBER 14th McLAUGHLIN FILED A PRO SE RECUSAL MOTION IN 3HO-SO6-SO6 CR BY AND THROUGH COUNSEL WHOM WITH YOUR PLAINTIFF HAD DEVELOPED AN EXCEPTIONAL RAPPORT. IN FACT, MR FLORENCE HAD INDICATED THAT THERE WAS WORK FOR HIM AS A PARALEGAL WHEN HE WAS RELEASED. THAT RECUSAL MOTION CONTAINED A 54 POINT AFFIDAVIT AND COPIES OF THE TWO WRITTEN REQUEST FOR THE RETURN OF THE ARTICLE WHICH HAD BEEN ABSTRACTED FROM THE MAIL AND SET FORTH A TIME

3(a) OF 10

LINE OF EVENT KNOWN AT THAT TIME BY WHICH AN OBJECTIVELY REASONABLE PERSON MAY INFER THAT JUDGE MURPHYS ACTIONS IN WHAT WOULD LATER BE DUBBED AS "MAILGATE", WHEN HELD IN THE LIGHT OF HISTORICAL FACTS OF THE CASE ITSELF MANIFESTS AS AN APPEARANCE OF IMPROPRIETY. THE ISSUE IN DISPUTE, AN ENTIRE ELEMENT OF THE OFFENSE, HAD BEEN A HOTLY CONTESTED ISSUE SINCE APRIL OF 2007 WHEN JUDGE MURPHY HAD DENIED THE TRIAL RIGHT (AN THE RIGHT TO TESTIFY) ON THE SAME SINGLE ELEMENT OF THE OFFENSE. AFTER BEING DENIED INTERLOCUTORY REVIEW BY THE ALASKA COURT OF APPEALS ON THE TRIAL RIGHTS ISSUE, McLAUGHLIN HAD RETURNED TO THE TRIAL COURT RE-FRAMING THE ISSUE AS AN ATTACK ON THE INDICTMENT. JUDGE MURPHY WAS DEAD SET ON SENTENCING McLAUGHLIN WITHOUT THE BENEFIT OF A TRIAL.

ON NOVEMBER 17th THE PARTIES APPEARED IN 3HO-S06-506 CR, AND McLAUGHLIN ASKED ONCE AGAIN WHEN HE COULD EXPECT THE RETURN OF HIS PROPERTY. JUDGE MURPHY THEN EXPLICITY TOLD THE PLAINTIFF THAT SHE HAD GIVEN THE FILE, BY NOW DESIGNATED AS 3HO-08-249 CI, TO JUDGE HUGUELET. SHE ALSO EXPRESSLY STATED THAT HER COURT LACKED JURISDICTION TO HEAR THE MATTER. SEE AND COMPARE "APPX A" PP 7, No.# 48-51 AND EXHIBITS M-1-3 (NOTING THE ALTERED SIGNATURES ON EXHIBIT M-2). THESE REPRESENTATIONS TO McLAUGHLIN CONCERNING HIS STOLEN PROPERTY TURNED OUT TO BE AN OUTRIGHT LIE.

ALSO AT THIS PROCEEDING MS. SEATON OBVIOUSLY OPPOSED EVEN ACCEPTING THE RECUSAL MOTION FOR FILING, CALLING IT "...A SHAM ...[AND]... A MOCKERY OF THE JUDICIAL SYSTEM..." SHE ALSO ARGUED THAT THE COURT SHOULD SIMPLY GO FORWARD WITH SENTENCING AND RULE ON THE RECUSAL ISSUE LATER. FOR HER PART JUDGE MURPHY ATTEMPTED TO THWART THE FILING (WHICH REQUIRED MR FLORENCE TO ADOPT THE PLEADING) BY MAKING A THINLY VEILED THREAT DIRECTED AT DEFENSE COUNSEL'S PROFESSIONAL LICENCE AS IT WOULD PERTAIN

3(b) OF 10

TO THE MERITS OF THE MOTION, STATING THAT, "... SOMEBODY MIGHT DECIDE THAT THIS ACTION NEEDS TO BE ADDRESSED IN OTHER VENUES OTHER THAN THIS ONE..." THE PLEADING WAS ULTIMATELY FILED, BUT THAT WAS THE LAST APPEARANCE MR, FLORENCE EVER MADE IN THAT CASE AS WELL. IN FACT, McLAUGHLIN WAS NEVER PERMITTED TO SPEAK WITH HIM AGAIN AND, UPON INFORMATION AND BELIEF, HE FLED THE STATE WITHIN TWO WEEKS TIME.

THE PLAINTIFF WAS ORDERED RETURNED TO HIS REGULAR PLACE OF CONFINEMENT AT WILDWOOD PRETRIAL FACILITY IN KENAI WAS INSTEAD HELD INCOMMUNICADO FROM COUNSEL AT THE HOMER JAIL UNTIL THE NEXT WEEK. TO THIS DAY MCLAUGHLIN HAS YET TO LEARN WHAT ALL OCCURED BETWEEN 11/17 AND HIS NEXT APPEARANCE ON NOVEMBER 25TH WHEN A REPLACEMENT ATTORNEY APPEARED AND, WITHOUT THE BENIFIT OF A CONSULTATION OR A FULL REVIEW OF THE RATHER SUBSTANTIAL FILE, ATTEMPTED TO GO FORWARD WITH THE FELONY SENTENCING. McLAUGHLIN DOES AVER THAT JUST BEFORE THE 11/25 HEARING HE WAS FIRST APPROACH BY A CLERK AND HANDED AND ENVELOPE WHICH CONTAINED EXHIBIT(S) M-1, 2, AND 3 WHICH CLEARLY REVEAL TWO THINGS. FIRST, THAT THE SIGNATURES WERE ALTERED ON M-2 AND COMPARISON REVEALS THAT IT IS JUDGE MURPHY'S SIGNATURE APPEARING BENEATH JUDGE HUGUELETS. ALSO THAT JUDGE MURPHY, A DISTRICT COURT JUDGE, HAD SOMEHOW BEEN ASSIGNED TO HEAR A HEBEAS PETITION. McLAUGHLIN ALSO LATER LEARNED THAT DURING THE SPAN BETWEEN 11/17 AND 11/25 PRISONERS WORKING IN THE LAVNDRY AT WPTF WERE DIRECTED TO PREPARE McLAUGHLIN'S PROPERTY FOR TRANSPORT AND WERE TOLD "... McLAUGHLIN MADE BAIL..."

SUBSEQUENT TO THESE EVENTS, AND AFTER FURTHER DISPUTE OVER THE RECUSAL MOTION WHERE JUDGE MURPHY HAD NOT SUBMITTED A COPY OF THE AUDIO CD DEPICTING THE OCTOBER 28TH HEARING HELD IN 3HO-506-506 CR ALONG WITH THE MOTION WHEN IT WAS SENT TO

THE REVIEWING JUDGE, McLAUGHLIN WAS HANDED DOWN A NINE YEAR SENTENCE FOR A VICTIMLESS DUI WHERE THERE WERE NO ALLEGATIONS OF DRUNKENNES OR EVEN POOR DRIVING, AND THE ARRESTING OFFICER ADMITTED TO THE JURY THAT HIS AFFIDAVIT OF PROBABLE CAUSE HAD BEEN FALSIFIED. THIS JUDGMENT WAS EVENTUALLY STAYED YET YOUR PLAINTIFF REMAINS CONFINED UNABLE TO POST THE $95,000 BAIL. AT SENTENCING Ms. SEATON TOLD THE COURT THAT McLAUGHLIN IS NOT BEING PENALIZED HARSHLY FOR HIS USE OF THE LEGAL SYSTEM BUT "...BECAUSE HE FILES FALSE ALLEGATIONS AGAINST PEOPLE..." IT IS UPON THESE FACTS THAT YOUR PLAINTIFF NOW NAMES JEAN SEATON AND MARGARET L. MURPHY AS DEFENDANTS IN THIS ACTION.

## II. A FORMAL COMPLAINT WITH THE COMMISSION ON JUDICIAL CONDUCT.

McLAUGHLIN FILE A FORMAL COMPLAINT AGAINST JUDGE MURPHY REGARDING HER INVOLVEMENT IN "MAILGATE" ON JANUARY 5, 2009 AND SUBSEQUENT TO THE FINAL HEARING BEFORE JUDGE GLEASON PERTAINING TO THE RECUSAL MOTION FILED ON 11/14/08 IN 3HO-S06-506 CR. THIS COMPLAINT CONTAINED THREE AFFIDAVITS TAKEN FROM THE RECUSAL EFFORT AND INCLUDING A COPY OF "APPENDIX A" (ATTACHED) A LETTER ALSO ACCOMPANIED WHICH DETAILED THE PROCEDURAL BACKROUND, THE PRESENT ALLEGATIONS AT THAT TIME, AND A REQUEST THAT AN INVESTIGATION BE CONDUCTED. ESSENTIALLY McLAUGHLIN ALLEGED THAT JUDGE MURPHY HAD VIOLATED SEVERAL JUDICIAL CANONS WHICH INCLUDED; CANON 2A (APPEARANCE OF IMPRORRIETY), CANON(s) 3B(2)(b), 3B(3), AND 3B(5) (CONDUCT, DECORUM & BIAS), CANON 3B(7) (DEPRIVING A LITIGANT OF THE RIGHT TO BE HEARD ACCORDING TO LAW), AND CANON(s) 3D(i) AND 3D(2) (JUDICIAL DUTY TO REPORT MISCONDUCT BY OTHER JUDGES OR ATTORNEYS) THE COMPLAINT OBVIOUSLY ALSO INCLUDED MENTION OF JUDGE HUGUELET'S PART IN ALL THIS AS WELL.

THIS 65 PAGE DOCUMENT LEFT THE WILDWOOD PRETRIAL FACILITY BY MAIL ON JANUARY 6th, AND THE FOLLOWING WEEK McLAUGHLIN RECIEVED A A ONE PAGE RESPONSE DATED JANUARY 8, 2009. THIS LETTER STATED

### 3(d) OF 10

THAT THE COMPLAINT "... DOES NOT APPEAR TO RAISE AN ETHICAL ISSUE..." AND FURTHER
WENT ON TO CHARACTERIZE THE PLAINTIFF'S SUBMISSION AS A "... NON-JURISDICTIONAL
ACCUSATION AGAINST JUDGE MURPHY..." CITING A.S. 22.30.011 AS THE AUTHORITY
FOR THIS DETERMINATION. THAT LETTER BEAR THE SIGNATURE OF THE EXECUTIVE
DIRECTOR FOR THE ALASKA COMMISSION ON JUDICIAL CONDUCT MARLA N GREENSTEIN.

THIS DOCUMENT DID HOWEVER INVITE SUPPLEMENT FOR THE JUDICIAL
COMMISSION'S JANUARY 26TH MEETING IN ANCHORAGE, AND ON JANUARY 18TH
MCLAUGHLIN FILED A THREE PAGE RESPONSE. THAT LETTER SOUGHT TO
SEGREGATE THE PROCEDURAL BACKGROUND FROM THE ACTUAL ALLEGATIONS,
AND THEN WENT ON TO DRAW A CONNECTION BETWEEN THOSE RELEVANT FACTS
AND THE JURISDICTIONAL PROVISIONS OF A.S. 22.30.011(a)(3) APPLYING SEVERAL
PROVISIONS OF THE CODE OF JUDICIAL CONDUCT WHERE VIOLATIONS OF ANY
JUDICIAL CANON WOULD TRIGGER THE COMMISSION'S JURISDICTIONAL STATUTE.
MCLAUGHLIN ALSO POINTED OUT THAT THE MINIMAL THRESHOLD STANDARDS OF
PROBABLE CAUSE AND THE PROVISIONS OF J.C.C. RULE 7(b) WOULD PRESCRIBE
FURTHER INQUIRY UNLESS THE COMPLAINT WAS FRIVOLOUS ON ITS FACE. SEE
ALSO; J.C.C. RULES 5(d), 8(b), AND 11(b)(4) CONCERNING PROCEDURE AND
THE APPLICABILITY OF THE PROBABLE CAUSE STANDARD. FINALLY, MCLAUGHLIN
ADDED DEVELOPING FACTS SURROUND THE APPARENT CONTINUED ACTS OF CONCEALMENT
BY JUDGE MURPHY AND HER STAFF WHEREBY NEITHER MCLAUGHLIN OR HIS NEW
ATTORNEY WERE ALLOWED TO PERTAIN AUDIO CDs OF THE HEARINGS HELD IN
3HO-S06-506 CR ON 10/28, 11/17, AND 11/25 FROM THE HOMER COURT.

UPON INFORMATION AND BELIEF, THE COMMISSION ON JUDICIAL CONDUCT
DID MEET ON JANUARY 26TH AS SCHEDULED. ALSO THE PLAINTIFF APPEARED
BEFORE JUDGE MURPHY FOR SENTENCING ON JANUARY 30, 2009 AFTER YOUR
PLAINTIFF (WITH THE ASSISTANCE OF THE NOW DEPARTED MR. FLORENCE) HAD BEEN
SUCCESSFUL IN EVADING THAT PROCEEDING FOR OVER A YEAR. MCLAUGHLIN
COULD ONLY INSTRUCT HIS COUNSEL TO STAND MOOT IN PROTEST OF THE
COURTS CONDUCT AND LACK OF JURISDICTION TO IMPOSE SENTENCE. CURIOUSLY
ENOUGH, WHERE MCLAUGHLIN HAD BEEN HOPEFUL THAT JUDGE MURPHY
WOULD BE REINED IN BY THE COMMISSION, LATER THAT SAME DAY.

3(e) OF 10

YOUR PLAINTIFF RECEIVED A LETTER DATE JANUARY 30TH DISMISSING HIS "...NON-JURISDICTIONAL ALLEGATION AGAINST JUDGE WOLFE !!!" THAT LETTER ALSO BEARS THE SIGNATURE OF MARLA GREENSTEIN.

ON FEBRUARY 6TH MCLAUGHLIN FILED A DOCUMENT HE HAD ENTITLED "CLARIFICATION OF THE RECORD" SO AS TO RE-DIRECT THE COURSE OF THESE PROCEEDINGS. THIS DOCUMENT SET FORTH THE PROCEDURAL POSTURE OF THE PLAINTIFF'S EFFORTS BEFORE THE EXECUTIVE DIRECTOR LETTER BY LETTER SO AS TO ALLEVIATE ANY FURTHER CONFUSION, AND TO ONCE AGAIN RE-ITERATE THE JURISDICTIONAL ASPECTS OF THE CASE. EVEN IN THE FACE OF THE ODDITY THAT HER LETTER HAD ISSUED AND ARRIVED ON THE DATE OF HIS SENTENCING, YOUR PLAINTIFF REASONED THAT WHERE THE COMMISSION DOES NOT ASSIGN A CASE NUMBER TO THE COMPLAINTS THAT IT RECIEVES, IT WOULD BE APPROPRIATE TO GIVE THIS ESTEEMED AND LONG SEATED STATE OFFICIAL THE BENEFIT OF THE DOUBT. ADDITIONALLY, WHERE PRUDENCE ALSO WEIGHED INTO THE EQUATION, THIS PROMPTED MCLAUGHLIN TO SEND A COPY OF THIS DOCUMENT TO THEN CHIEF JUSTICE OF THE ALASKA SUPREME COURT DANA FABE SO AS TO ASSURE THAT ALL PARTIES WERE PROPERLY FOCUSED ON THE ISSUES AT HAND, TWO STATE JUDGES HAVING INVOLVED THEMSELVES IN A CRIMINAL CONSPIRACY AND FEDERAL CRIMES THAT THE STOLEN MAIL HAD NOW BECOME THE LEAST OF.

JUSTICE FABE WAS KIND ENOUGH TO DIRECT HER CLERK TO RESPOND BY REMINDING MCLAUGHLIN THAT A MORE FORMAL APPROACH WOULD BE REQUIRED ANYTIME A PARTY SEEKS ACTION BY THE HIGH COURT. HOWEVER, AS TO DIRECTOR GREENSTEIN, "CLARIFICATION OF THE RECORD" FAILED TO SOLICIT ANY RESPONSE AT ALL, AND ON MARCH 4TH MCLAUGHLIN WROTE A BRIEF LETTER TO MS. GREENSTEIN SEEK TO LEARN THE STATUS OF THE COMPLAINT AT THIS POINT WHERE YOUR PLAINTIFF HAD ALSO JUST SUCCEEDED IN BEING GRANTED BAIL AND AN APPELLATE STAY. TO THE BEST OF YOUR PLAINTIFF'S KNOWLEDGE, THIS LETTER WAS THEN SIMPLY IGNORED.

3 (f) OF 10

On April 6th Your plaintiff next filed a supplement to his previous offerrings in anticipation of the commission's April 13th meeting. That submission discussed the provisions of 18 USC § 1702 and 18 USC § 1708 and the case law surrounding the issue of stolen mails and the possession thereof in the context of the case specific facts. McLaughlin simply pointing out that possession of those articles of mail in issue itself was an ongoing criminal act, and that crimes such as these were the gravest form of judicial misconduct when considering that they were also directed specifically at depriving a criminal defendant the civil rights to which they are constitutionally entitled.

On April 22, 2009 McLaughlin recieved a letter from director Greenstein stating that the commission lacked jurisdiction to act on such matters, again citing A.S. 22.30.011(a). This correspondence also suggested that the plaintiff take his grievances to the courts. During this entire process director Greenstein never once found on a single fact by which she may support her position.

On May 12th McLaughlin filed for reconsideration so as to round out the record for appeal by discussing the minimal threshold of J.C.C. Rule 7(b) as they apply to assessing a complaint and drawing upon the appropriate corolaries from the objective aspects of "Appendix A" (attached) Such glaring examples of propable cause as the altered court file (Appx. A.; Exhibit M-2), or the prima facie showing of the dishonest to parties appearing before her court (Appx, A; Cf Exhibits M 1-3 and averment on p. 7 No. #48-51). McLaughlin also raised precedent by reminding director Greenstein that she had just recommended a 90-day suspension in another matter involving simply passing a note to a peace officer; In Re Cummines, 2009 Alas. Lexis 98.

McLaughlin recieved director Greenstein's response on May 18, 2009 wherein she tersely stated, "...The commission does not have

3(g) of 10

LEGAL AUTHORITY TO ADDRESS YOUR CONCERNS, CONSEQUENTLY WE ARE
UNABLE TO RESPOND TO YOU IN THE FUTURE ..." UPON INFORMATION
AND BELIEF EXECUTIVE DIRECTOR MARLA GREENSTEIN HAD BEEN
UNLAWFULLY IMPEDING MCLAUGHLIN'S FIRST AMENDMENT RIGHT TO
PETITION THE ALASKA COMMISSION ON JUDICIAL CONDUCT FOR THE
REDRESS FOR GRIEVANCE THE ENTIRE TIME. MCLAUGHLIN MUST
ALSO CONCLUDE THAT DIRECTOR GREENSTEIN'S COMMENTS ARE
PROSPECTIVE IN NATURE, BARRING FURTHER PETITION FOR REDRESS
IN THE FUTURE AS WELL. THE ENTIRETY OF THIS CIRCUMSTANCE
IS DOCUMENTED BY, ANYONE OTHER RECORDS, THE 816 PAGE COLLECTION
OF SIGNATURE BEARING DOCUMENTS WHICH CHRONOLOGICALLY DEPICT
THE OBJECTIVE FACTS AND CONSTITUTE THE ADMINISTRATIVE RECORD.
IT IS UPON THESE FACTS THAT YOUR PLAINTIFF NOW NAMES MARLA N.
GREENSTEIN AS A DEFENDANT IN THIS ACTION.

## III. FIVE JUSTICES AND AN APPEAL AS A MATTER OF RIGHT.

DURING THE MONTH OF MAY 2009 MCLAUGHLIN ALSO WROTE A LETTER
TO THE NEWLY APPOINTED PRESIDING JUDGE OF THE THIRD JUDICIAL DISTRICT
SHARON L. GLEASON. IT HAD BEEN JUDGE GLEASON WHOM HAD HEARD
THE FINAL PORTION OF THE RECUSAL MOTION IN 3HO-S06-506 ON DECEMBER
23, 2008. DURING THAT PROCEEDING SHE HAD BEEN OFFERRED A CHANCE
TO REVIEW "APPENDIX A" (ATTACHED), BUT HAD RULED THAT THE SCOPE OF
HER APPOINTMENT DID NOT INCLUDE TAKING ADDITIONAL EVIDENCE. YET
WHERE SHE HAD ACTED FAIRLY MCLAUGHLIN REASONED THAT SHE MAY
NOW DECIDE TO TAKE INDEPENDENT ACTION ON THOSE FACTS AS PART OF
HER NEW APPOINTMENT TO THE OFFICE OF THE PRESIDING JUDGE. YOUR
PLAINTIFF ALSO SENT A COPY TO THE UNITED STATES ATTORNEY'S OFFICE IN
ANCHORAGE. BOTH CONTAINED DETAILED LETTERS OF EXPLANATION YET
NEITHER RECIEVED AN OFFICIAL RESPONSE. HOWEVER, THE CUMULATIVE
EFFECT OF MCLAUGHLIN'S EFFORTS MAY HAVE BEEN A PROXIMATE CAUSE
OF THAT WHICH WAS TO OCCUR IN THE COMING MONTHS.

Case 3:10-cv-00272-TMB   Document 1   Filed 12/14/10   Page 15 of 30

Due to financial and procedural constraints your plaintiff was not able to file McLAUGHLIN v. ALASKA COMM'N ON JUDICIAL CONDUCT, ET. AL., FILE No. #S-13553 until June 17, 2009. However, just prior to this on June 8TH McLAUGHLIN had file another petition seeking supervisory mandamus requiring a special prosecutor be appointed for the habeas proceedings pending in 3HO-08-249 CI (RE: McLAUGHLIN v STATE, File No.# A-10515). That petition alleged conflicted government counsel and necessary witness pertaining to Jean Seaton whom had not only been a key player in "Mailgate", but was also a material witness to other constitutional rights violations qualifying as felony offenses which pertained to a previous criminal prosecution against McLaughlin as well. The centerpiece of that petition was once again "Appendix A" and this filing had become a necessity where another key player in "Mailgate", Judge Huguelet whom had ended up presiding over 3HO-08-249, denied his request for a special prosecutor. It was also around this same time that your plaintiff was covertly informed by prison staff that he was about to be moved to another facility.

McLaughlin was in fact moved from the Wildwood facility even though his criminal judgment had been stayed and he was working to post bail. In mid-July. This violates state law and runs contrary to standard practices at WPTF, and there are several ancillary facts which accompany this circumstance including documents indicating that Jean Seaton and an unnamed party, one Linnie Enerson, conspired to interfere with defense counsel's efforts to prevent this circumstance. McLaughlin possesses signature bearing documents and proceeds in a pending administrative appeal whereby this supports that allegation. McLaughlin opts to leave Ms Enerson out of

3(i) of 10

THIS ACTION WHERE THAT ASPECT IS MERELY COLLATERAL TO THE CORE ISSUES OF THIS SUIT YET IT WAS BECAUSE MCLAUGHLIN WAS UNLAWFUL TRANSFERRED TO SPRING CREEK CORRECTION CENTER (SCCC) THAT HE DID NOT ACTUALLY FILE HIS BRIEFING AND EXCERPT IN S-13553 UNTIL MID-AUGUST. MORE MATERIAL TO THIS ACTION IS THE FACT THAT WHERE MCLAUGHLIN HAD NAMED THE STATE OF ALASKA (VIS-A-VIS ATTORNEY GENERAL DANIEL SULLIVAN) AS A PARTY IN REAL INTEREST THAT, UPON INFORMATION AND BELIEF, IT WAS THIS SET OF FACTS THAT RESULTED IN JEAN SEATON BEING REMOVED FROM HER POST IN THE KENAI DISTRICT ATTORNEYS OFFICE ABOUT A MONTH LATER. IT WAS ALSO AROUND THAT SAME TIME IN SEPTEMBER THAT MCLAUGHLIN WAS TOLD BY DOC OFFICIALS HE WOULD AGAIN BE TRANSFER, THIS TIME TO AN OUT OF STATE LOCATION AT HUDSON COLORADO.

ON OR ABOUT NOVEMBER 5TH MCLAUGHLIN PAID THE FILING FEE AND FILED A SUPPLEMENT TO HIS PETITION IN FILE No." S-13553 SO AS TO THEN TRIGGER COMMENCEMENT OF THESE PROCEEDING WHERE HE HAD BEEN HAMPERED BY FINANCIAL DIFFICULTIES PRIOR TO THAT TIME. IT WAS ALSO DURING THIS PERIOD OF TIME THAT JUDGE HUGUELET EMBARKED UPON A COURSE OF CONDUCT DIRECTED AT UNDERMINING THE ALASKA COURT OF APPEALS JURISDICTION TO HEAR THE INTERLOCUTORY EFFORT SEEKING SUPERVISORY MANDAMUS IN FILE No. # A-10515. THIS IS RELEVANT WHERE THAT FILE PLACED A GREATER EMPHASIS ON JUDGE HUGUELETS INVOLVEMENT IN "MAILGATE", AND YOUR PLAINTIFF HAD MOVE BOTH OF THE APPELLATE COURTS FOR JOINDER OF THESE FILES BY AUTHORITY OF BOTH APPELLATE RULE 406(b) AND A.S. 22.05.015(a) WHERE IT IS THE ALASKA SUPREME COURT ALONE WHOM HAS JURISDICTION OVER MATTERS OF JUDICIAL OR ATTORNEY DISCIPLINE. MCLAUGHLIN'S NOVEMBER FILING ALSO NOW SOUGHT THE HIGH COURTS PROTECTION CONCERN THE PROPOSED TRANSFER TO AN OUT OF STATE LOCATION NOT ONLY BECAUSE OF HIS BAIL ELIGIBILITY, BUT BECAUSE IT WOULD HAVE THE EFFECT OF SEPARATING HIM FROM HIS THREE BANKER BOXES OF LEGAL FILES, THUS ADVERSELY EFFECTING HIS ABILITY TO LITIGATE HIS CLAIM.

3(j) OF 10

McLaughlin did end up leaving two boxes of his files in Alaska, the case file in S-13553 being among this material. However, your plaintiff avers from memory the following as it pertains to those responsive pleading offered by the Commission, and party in real interest, State of Alaska. First, if memory serves, Douglas Koesler entered appearance for the state in late August and had little to say during much of what turned out to be an aborted proceeding. As for the Commission, Director Greenstein remained as counsel. Here your plaintiff recalls that her responsive pleading to the petition was little more than five pages - offering a self-serving claim that it was within her power to act upon her discretion. Nowhere did she aver that there was a lack of jurisdiction in the same context she twice used to rebuff McLaughlin's complaint. Nor did this plead aver that her office somehow lacked authority to act. Inversely, the general tenor of her position was that she believed her office to be the ultimate authority concerning the subject of judicial conduct. In a word, the pleading seemed to be indignant, and this court may take judicial notice of the states high court has had to remind the Commission in numerous cases that statutes enacted by the legislature to govern commission procedure must not be read to usurp on the high courts authority to govern, regulate, and discipline as it pertains to the practice of law in the state of Alaska; Re; In Re Commines, 2009 Alas. Lexis 98 (#7)

McLaughlin's initial offerrings before the court consisted of those 80 pages the where the record before the agency, and a 37 page brief setting forth the facts in the two separate actions. There was also 13 pages of legal argument, and the supplement was an additional 10 pages of mostly collateral matters and recent developments relating to McLaughlin's ability to proceed before the high court. The Commission's position, little more than a naked claim of discretionary power. No discussion of facts,

3(k) of 10

LAW, OR EVEN CITATION OF A RULE, STATUTE, OR CONSTITUTIONAL PROVISION WHICH EMPOWERS THE COMMISSION TO DISREGARD THEIR CONSTITUTIONAL APPOINTMENT TO PROTECT THE PUBLIC AS SET FORTH IN ARTICLE I § 10 OF THE STATE CONSTITUTION.

ON OR ABOUT JANUARY 6, 2010 THE HIGH COURT SUMMARILY DISMISSED THIS ADMINISTRATE APPEAL WITHOUT FURTHER EXPLANATION. AGAIN, McLAUGHLIN DOES NOT HAVE THE ONE PAGE ORDER, BUT HE SEEMS TO RECALL THAT IT MERE STATED THE THE PETITIONER'S REQUEST FOR REVIEW WAS BEING DENIED. THE ORDER ALSO INDICATED THAT ALL FIVE JUSTICES VOTED IN THIS WAY. McLAUGHLIN STILL HAD PROCEDURAL REQUESTS BEFORE THE COURT AS WELL, AND WHERE SUCH A SWEEPING DECISION IS CONTRARY TO THEIR JURISDICTIONAL MANDATE,[1] AND THE DECISIONAL LAW WHEREBY THE HIGH COURT HAS CARVED OUT A SPECIAL COMMON LAW[2] JURISDICTION FOR THEMSELVES WHICH IMPLICATES THAT STATUTE AS WELL McLAUGHLIN WAS MOVED TO SEEK CLARIFICATION OF THE RECORD SO AS TO UNDERSTAND WHAT HAD PROCEDURAL JUST OCCURRED.

---

1) SEE A.S. 22.05.010(6) "...THE SUPREME COURT HAS FINAL APPELLATE JURISDICTION IN ALL ACTIONS AND PROCEEDINGS..."

2) IN ALASKA ALL ADMINISTRATIVE DECISIONS ARE PRESUMPTIVELY REVIEWABLE, STATE, ALASKA DEPT OF FISH & GAME v. MEYER, 906 P2d 1365, 1370 (1995). YET THE SUPERIOR COURT LACKS SUBJECT MATTER JURISDICTION IN THIS CLASS OF APPEAL; ANDERSON v. AK BAR ASS'N, 91 P3d 271, 272 (2004). THIS IS BECAUSE THE ALASKA SUPREME COURT HAS BEEN CONSTITUTIONALLY VESTED WITH THE INHERENT AUTHORITY TO REGULATE EVERY ASPECT OF THE LEGAL PROFESSION AND THE PRACTICE OF LAW IN THE STATE OF ALASKA, CITIZENS COALITION FOR TORT REFORM v. McALPINE, 810 P.2d 162, 165 (1991). ACCORDINGLY, APPEAL TO THE SUPREME COURT IN THIS CLASS OF APPEAL IS A MATTER OF RIGHT BY AUTHORITY OF A.S. 22.05.010(b) WHICH STATES, "6 APPEAL TO THE SUPREME COURT IS A MATTER OF RIGHT ONLY IN THOSE ACTIONS AND PROCEEDINGS FROM WHICH THERE IS NO RIGHT OF APPEAL TO THE COURT OF APPEALS UNDER A.S. 22.07.020 OR TO THE SUPERIOR COURT UNDER A.S. 22.10.020 OR A.S 22.15.240..."
THESE AUTHORITYS ARE SIGNIFICANT TO THE ISSUE OF ABSOLUTE JUDICIAL IMMUNITY AS WELL WHERE A COURT HAS NO MORE POWER TO DECLINE THE EXERCISE OF JURISDICTION IT IS GIVEN THAN TO USURP UPON THAT WHICH IT DOES NOT; UNITED STATES v. WILL, 499 U.S 200, 216 n. 19; 101 S.Ct 471 (1980) CITING; COHENS v VIRGINIA, 19 U.S (6 WHEAT) 264, 404; 5 L.Ed 257, 291 (1821). HERE, YOUR PLAINTIFF ARGUES THAT WHERE THE HIGH COURT DECLINES TO ACT UPON IT STATUTORY JURISDICTION IT ACTS IN A COMPLETE ABSENCE OF JURISDICTION WHERE NOTHING IN STATUTES OR DECISIONAL LAW GRANTS THEM POWER TO DO SO.

3(1) OF 10

McLaughlin filed this request, and generally predicated his position for seeking clarification upon the premise set forth in footnote two, although the motion did take into account the fact of the ancillary procedural requests as well where he had sought protective relief pending the outcome of those proceedings. The motion seeking to have clarification was filed on or about January 21st, and on February 16th an unidentified justice directed the clerk to author the following;

"... on consideration of the 1/21/10 motion seeking clarification of the record on administrative appeal under appellate rule 404, and no opposition having been filed, it is ordered: The motion is denied.

McLaughlin then moved for reconsideration on what was now obviously a procedural issue by simply filing a one page motion citing A.S 22.05.010 and referencing his previous pleading of 1/21/10. The subsequent order of the full High Court affirmed on March 19, 2010.

It is upon these facts that your plaintiff alleges that; (1) the High Court deprived McLaughlin of his First Amendment right of access to that court, (2) that the High Court deprived McLaughlin of a corollary procedural due process right protected by the Fifth and the Fourteenth Amendments, (3) and that in doing so they acted in an absence of all jurisdiction thus are liable to the plaintiff for monetary damages. It is upon this premise that your plaintiff now names all five justices as they were seated on January 6th (3) in their individual and official capacities as an entity known as the Alaska Supreme Court, as defendant parties to this action.

------

3) Upon information and belief Justice Eastaugh, whom has since been replaced by Justice Stowers, was still seated at this time, and where Justice Stowers was not involved in the initial constitutional violation and subsequent deprivation any slight involvement he may have had later on is outside the scope of these claims.

3 (m) of 10

**IV.** SUPERVISORY MANDAMUS, FURTHER ACTS OF CONCEALMENT, AND ADDITIONAL PARTIES TO A CONPIRACY DIRECTED AT VIOLATING CIVIL RIGHTS.

THIS SET OF FACTS IMPLICATES DEFENDANT(S) HUGUELET, MARILYN MAY, LORI WADE, AND CHRISTINE JOHNSON IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AND AS RANKING STATE COURT OFFICIALS.

YOUR PLAINTIFF AVERS THE NEED TO AMEND BEFORE SERVICE TO THE PARTIES IS EFFECTED AS ALLOWED BY FED. RULE CIV. P 15(a) AS A FILING DEADLINE OF NOVEMBER 1, 2010 MAY ACCRUE AS TO SOME OF THE ALLEGATIONS MADE HEREIN. THE APPLICABLE STATE STATUTE FOR CLAIMS OF INTENTIONAL TORT PRESCRIBES A LIMITATION OF TWO YEARS, A.S 09.10.070(a).

THIS WILL ALSO PERMIT YOUR PLAINTIFF TO DRAFT A PROPER TYPE WRITTEN COMPLAINT FOR PRESENTATION TO THIS COURT. FACTUALLY, THE PLAINTIFF AVERS CIRCUMSTANCES BEYOND HIS CONTROL IN THE FORM OF AN 8 DAY INSTITUTION WIDE LOCKDOWN AT THE FACILITY WHERE HE IS HOUSED. MCLAUGHLIN SEEKS EQUITABLE LEAVE OF THE COURT WHERE IT PERTAINS TO THIS ISSUE.

**V.** UNCONSTITUTIONAL POLICES, PRACTICES, AND CUSTOMS, NEGLIGENT SUPERVISION, AND A DELIBERATE IN DIFFERENCE TO A DUTY TO PROTECT A SUBSTANTIAL PUBLIC INTEREST.

THIS SET OF FACTS IMPLICATES DEFENDANT(S); ALASKA SUPREME COURT, ALL FIVE JUSTICES INDIVIDUALLY, AND THE ALASKA BAR ASSOCIATION IN ITS CAPACITY AS AN INSTRUMENTALITY OF THE STATE AS DESCRIBED IN A.S 08.08.010.

(PLAINTIFF AVERS A NEED TO AMEND)

3(n) OF 10

# CLAIMS FOR REDRESS

## CAUSE OF ACTION No. #1

### CONSPIRACY TO VIOLATE CIVIL RIGHTS          42 U.S.C § 1983

Your PLAINTIFF NOW HEREBY ADOPTS AND INCORPORATES, AS THOUGH FULLY SET FORTH WITH RESPECTS TO THIS CLAIM, ALL FACTUAL AVERMENTS PREVIOUSLY SET FORTH HEREIN AN NOW FURTHER ALLEGES;

1) THAT THE DEFENDANT(S), WHETHER ACTING SINGULARLY, AS A COLLECTIVE, IN CONCERT, OR IN ANY OTHER VARIATION THEREOF WHEN COMMITTING ANY ACT OR ACTS ALLEGED, DID;

2) INTENTIONALLY, WITH DELIBERATE INDIFFERENCE TO THE LAWFUL INTERESTS OF ANOTHER, AND WITH A SINGULAR UNLAWFUL PURPOSE, PLAN, INTENTION, OR COMMON STATE OF MIND;

3) PLANNED OR CONTRIVED A SCHEME(S) OR ARTIFICE WHICH WAS DIRECTED AT DEPRIVING YOUR PLAINTIFF OF CONSTITUTIONALLY GAURANTEED RIGHTS AS THEY ARE AFFORDED AND SECURED FOR HIM BY THE FIRST, FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND;

4) THAT THESE SAME DEFENDANTS COMMITTED SUCH ACTS OR KNOWINGLY PARTICIPATED IN SUCH SCHEMES WHILE ACTING UNDER THE COLOR OF LAW.

YOUR PLAINTIFF RESERVES THE RIGHT TO NAME ADDITIONAL DEFENDANTS WHERE DISCOVERY MAY REVEAL THEM WITH RESPECTS TO THIS CLAIM.

Prisoner § 1983
Form Effect. 2/05

Case 3:10-cv-00272-TMB   Document 1   Filed 12/14/10   Page 22 of 30

CAUSE OF ACTION No #2
CONSPIRACY TO VIOLATE RIGHTS SECURED BY THE FIRST AMENDMENT
42 U.S.C. § 1983
U.S.C.A. 1

    YOUR PLAINTIFF NOW HEREBY ADOPTS AND INCORPORATES, AS THOUGH FULLY SET FORTH WITH RESPECTS TO THIS CLAIM, ALL FACTUAL AVERMENTS PREVIOUSLY SET FORTH HEREIN AND NOW FURTHER ALLEGES;

    1) THAT THE DEFENDANT(S), WHETHER ACTING SINGULARLY, AS A COLLECTIVE, IN CONCERT, OR IN ANY OTHER VARIATION THEREOF WHEN COMMITTING ANY ACT OR ACTS ALLEGED, DID;

    2) INTENTIONALLY, WITH DELIBERATE INDIFFERENCE TO THE LAWFUL INTERESTS OF ANOTHER, AND WITH A SINGULAR UNLAWFUL PURPOSE, PLAN, INTENTION, OR COMMON STATE OF MIND;

    3) PLANNED OR CONTRIVED A SCHEME(S) OR ARTIFICE WHICH WAS DIRECTED AT DEPRIVING YOUR PLAINTIFF OF MEANINGFUL ACCESS TO VARIOUS STATE COURTS, COMMISSIONS, ADMINISTRATIVE AGENCIES, OR OTHER GOVERNMENT TRIBUNALS WHEREBY HE MAY LAWFULLY PETITION FOR REDRESS FROM GRIEVANCE OR OTHERWISE LAWFULLY VINDICATE RIGHTS AFFORDED AND SECURED FOR HIM BY THE FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND;

    4) THAT THESE SAME DEFENDANTS COMMITTED SUCH ACTS OR KNOWINGLY PARTICIPATED IN SUCH SCHEMS WHILE ACTING UNDER THE COLOR OF LAW.

    YOUR PLAINTIFF RESERVES THE RIGHT TO NAME ADDITIONAL DEFENDANTS WITH RESPECTS TO THIS CLAIM.

Prisoner § 1983
Form Effect. 2/05

4(a) OF 10

CAUSE OF ACTION No. #3
CONSPIRACY TO DENY PROCEDURAL AND SUBSTANTIVE DUE PROCESS.
42 U.S.C § 1983
U.S.C.A. 5, 14(1)

Your PLAINTIFF NOW HEREBY ADOPTS AND INCORPORATES, AS THOUGH FULLY SET FORTH WITH RESPECTS TO THIS CLAIM, ALL FACTUAL AVERMENTS PREVIOUSLY SET FORTH HEREIN AND NOW FURTHER ALLEGES;

1) THAT THE DEFENDANT(S), WHETHER ACTING SINGULARLY, AS A COLLECTIVE, IN CONCERT, OR IN ANY OTHER VARIATION THEREOF WHEN COMMITTING ANY ACT OR ACTS ALLEGED, DID;

2) INTENTIONALLY, WITH DELIBERATE INDIFFERENCE TO THE LAWFUL INTERESTS OF ANOTHER, AND WITH A SINGULAR UNLAWFUL PURPOSE, PLAN, INTENTION, OR COMMON STATE OF MIND;

3) PLANNED OR CONTRIVED A SCHEME(S) OR ARTIFICE WHICH WAS DIRECTED AT DEPRIVING YOUR PLAINTIFF OF PROCEDURAL DUE PROCESS AND THE DUE PROCESS NORMALLY AFFORDED TO THE ACCUSED BY THE FOURTH, FIFTH, AND SIXTH AMENDMENTS USING SUCH OUTRAGEOUS, ARBITRARY, AND OPPRESSIVE MEANS SO AS TO OFFEND THE MOST FUNDAMENTAL OF CONCEPTS ASSOCIATED WITH A CIVILIZED AND ORDERED SOCIETY, AND;

4) THAT THESE SAME DEFENDANTS COMMITTED SUCHS ACTS OR KNOWINGLY PARTICIPATED IN SUCH SCHEMES WHILE ACTING UNDER THE COLOR OF LAW.

Your PLAINTIFF RESERVES THE RIGHT TO NAME ADDITIONAL DEFENDANTS WITH RESPECTS TO THIS CLAIM.

CAUSE OF ACTION IV
NEGLIGENCE, NEGLIGENT SUPERVISION
DEFENDANT ALASKA SUPREME COURT
(PLAINTIFF AVER A NEED TO AMEND)

CAUSE OF ACTION V
NEGLIGENCE, NEGLIGENT SUPERVISION
DEFENDANT ALASKA BAR ASSOCIATION
(PLAINTIFF AVERS A NEED TO AMEND)

CAUSE OF ACTION VI
NEGLIGENCE, NEGLIGENT SUPERVISION
DEFENDANT CHRISTINE JOHNSON
(PLAINTIFF AVERS A NEED TO AMEND)

CAUSE OF ACTION VII
PROFESSIONAL NEGLIGENCE
ALL PARTIES ACTING UNDER PROFESSIONAL LICENCE
(PLAINTIFF AVERS A NEED TO AMEND)

CAUSE OF ACTION VIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
ALL PARTIES TO THE CONSTITUTIONAL VIOLATIONS
(PLAINTIFF AVERS A NEED TO AMEND)

CAUSE OF ACTION IX
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
ALL PARTIES TO THE CONSTITUTIONAL VIOLATIONS
(PLAINTIFF AVERS A NEED TO AMEND)

CAUSE OF ACTION X
ACTION FOR ECONOMIC HARM — ALL PARTIES
(PLAINTIFF AVERS A NEED TO AMEND)

CAUSE OF ACTION XI
ACTION FOR PUNITIVE DAMAGES — A.S. 09.17. 020(b)
ALL PARTIES TO THE CONSTITUTIONAL VIOLATIONS
(PLAINTIFF AVERS A NEED TO AMEND)

5 OF 10

**D. Previous Lawsuits**

1. Have you begun other lawsuits in **state or federal court** dealing with the **same facts** involved in this action, **or otherwise relating to your imprisonment?** _____ Yes ⊗ No, BUT...

2. If your answer is "Yes," describe each lawsuit.

a. Lawsuit 1:

Plaintiff(s): MICHEAL L. McLAUGHLIN — IN PROPERIA PERSONA

Defendant(s): ALASKA BAR ASSOCIATION, ET AL.,

Name and location of court: ANCHORAGE SUPERIOR COURT AND

ALASKA SUPREME COURT (INTERLOCUTORY APPEAL)

Docket number: 3AN-08-06995 CI FILE # S-13749    Name of judge: SEN K. TAN

Approximate date case was filed: 4|10|08    Date of final decision: N/A

Disposition: _____ Dismissed  _____ Appealed  ⊗ Still pending

Issues Raised: THAT ACTION ALLEGES CONSTITUTIONAL VIOLATIONS DIRECTED PRIMARILY AT INDIVIDUALS NOT NAMED IN THIS ACTION. THOSE ALLEGATIONS AS THEY PERTAIN TO THE ONLY COMMON DEFENDANT (ALASKA BAR ASS'N) ARE SIMILIAR IN NATURE BUT ARISE FROM A COMPLETELY DIFFERENT SET OF FACTS. THE CONDUCT ALLEGED OCCURRED BETWEEN 2003 AND JANUARY 2008. THE COMMON CLAIMS ARE UNCONSTITUTIONAL POLICIES, PRACTICES, AND CUSTOMS BY A GOVERNMENTAL ENTITY AND GROSS NEGLIGENCE.

b. ADMINISTRATIVE APPEAL

Plaintiff(s): MICHEAL L. McLAUGHLIN — IN PROPERIA PERSONA

Defendant(s): ALASKA DEPT. OF CORRECTIONS, STATE OF ALASKA

Name and location of court: SUPERIOR COURT AT KENAI, ALASKA

Docket number: 3KN-10-615 CI    Name of judge: CARL BAUMAN

Approximate date case was filed: 3|3|10 FILED 6|3|10 REFILE    Date of final decision: N/A

Disposition: _____ Dismissed  _____ Appealed  ⊗ Still pending

Prisoner § 1983
Form Effect. 2/05

Case 3:10-cv-00272-TMB   Document 1   Filed 12/14/10   Page 26 of 30

Issues Raised: THIS IS A DISTANTLY COLLATERAL MATTER WHICH CHALLENGES

THE IMPROPER USE OF THE STATE PRISONER CLASSIFICATION PROCEDURES.

TO ASSURE SEVERABILITY MCLAUGHLIN WILL WAIVE CLAIMS PERTAINING TO THIS
CASE AS TO ANY NEW AND PRESENTLY UN-NAMED CO-CONSPIRATORS.

3. Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?

\_\_\_\_\_ Yes  (X) No    If your answer is "Yes," describe each lawsuit.

**Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:** NOT APPLICABLE

a. Defendant(s):_____

b. Name of federal court _____ Case number: _____

c. The case was dismissed as: \_\_\_\_\_ frivolous, \_\_\_\_\_ malicious and/or \_\_\_\_\_ failed to state a claim

d. Issue(s) raised:_____

_____

_____

e. Approximate date case was filed:_____ Date of final decision:_____

**Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:** NOT APPLICABLE

a. Defendant(s):_____

b. Name of federal court _____ Case number: _____

c. The case was dismissed as: \_\_\_\_\_ frivolous, \_\_\_\_\_ malicious and/or \_\_\_\_\_ failed to state a claim

d. Issue(s) raised:_____

_____

_____

e. Approximate date case was filed:_____ Date of final decision:_____

Prisoner § 1983
Form Effect. 2/05

Case 3:10-cv-00272-TMB   Document 1   Filed 12/14/10   Page 27 of 30

**Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:** ~~NOT APPLICABLE~~

a. Defendant(s): _____

b. Name of federal court _____ Case number: _____

c. The case was dismissed as: _____ frivolous, _____ malicious and/or _____ failed to state a claim

d. Issue(s) raised: _____

_____

e. Approximate date case was filed: _____ Date of final decision: _____

**4. Are you in imminent danger of serious physical injury?** _____ Yes ___⊗___ No

If your answer is "Yes," please describe how you are in danger, without legal argument/authority:

_____

_____

_____

_____

**E. Exhaustion of Administrative Remedies**

***REMINDER***
**You must exhaust your administrative remedies before your claim can go forward.
THE COURT MAY DISMISS ANY UNEXHAUSTED CLAIMS.**

1. Present place of confinement: __HUDSON CORRECTIONAL FACILITY__

2. Is there a grievance procedure at this institution? ___⊗___ Yes _____ No ᴬᶜᴷᴺᴼᵂᴸᴱᴰᴳᴱᴰ ᴮʸ DOC AS PROBLEMATIC.

3. If yes, did you present the facts in your complaint for review through the grievance procedure?

_____ Yes ___⊗___ No

a. If your answer is "No," explain why not: __THIS ACTION DOES NOT RAISE ISSUES__

__PERTAINING TO THE CONDITIONS OF MY CONFINEMENT AT THIS FACILITY.__

Prisoner § 1983
Form Effect. 2/05

_____

_____

b.  If your answer is "Yes," what steps did you take?_____

_____

_____

_____

_____

c.  Is the grievance procedure complete? _____ Yes _____ No

   If your answer is "Yes," **ATTACH A COPY OF THE <u>FINAL</u> GRIEVANCE
   RESOLUTION for any grievance concerning facts relating to this case.**

**F.  Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. Damages in the amount of $ _PLAINTIFF AVERS TO THE NEED TO AMEND; Civ. R. 15(a)_

2. Punitive damages in the amount of $ _PLAINTIFF AVERS THE NEED TO AMEND._

3. An order requiring defendant(s) to _PLAINTIFF AVERS THE NEED TO AMEND._

_____

_____

4. A declaration that _PLAINTIFF AVERS THE NEED TO AMEND_

_____

_____

5. Other: _PLAINTIFF AVERS THE NEED TO AMED._

_____

Plaintiff demands a trial by jury. ⊗⊗ Yes _____ No

Prisoner § 1983
Form Effect. 2/05

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that s/he is the plaintiff in the above action, that s/he has read the above civil rights complaint and that the information contained in the complaint is true and correct. *

Executed at _Hudson Correctional Facility - Hudson CO_ on _10/26/10_
                    (Location)                                      (Date)

_[signature]_
(Plaintiff's Signature)

_____          _____
Original Signature of Attorney (if any)          (Date)

_____
_____
_____
Attorney's Address and Telephone Number

\* YOUR PLAINTIFF HAS MADE EVERY EFFORT TO REMAIN FAITHFUL TO HIS
DUTIES AS A LITIGANT TO ACCURATELY PLEAD HIS CASE. HOWEVER, WHERE
McLAUGHLIN WAS FORCED TO LEAVE TWO BOXES OF RECORDS BACK
IN ALASKA WHEN HE WAS TRANSFERED TO COLORADO, SOME OF THE
DATES AND OTHER INFORMATION DEPICTED WAS GLEANED AS SECOND
HAND FROM LEGAL PLEADINGS, PERSONAL NOTES, OR HIS RECOLLECTIONS
OF ANY GIVEN EVENT. McLAUGHLIN WOULD STILL STAND BEHIND ANY AVERMENT
AS BEING TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, BELIEF,
OR RECOLLECTIONS OF ANY EVENT DEPICTED HEREIN.
_[signature]_ 10/26/10
HUDSON, COLORADO

10 of 10

Prisoner § 1983
Form Effect. 2/05