IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI ALASKA

MICHEAL L. McLAUGHLIN, )
           )
     Petitioner; )
v. )
           )
STATE OF ALASKA, )
           )
     Respondents. )
           )
_____ )   Case No.# 3KN-08-926 CI.,

## MOTION TO RECONSIDER SUMMARY DISMISSAL

   COMES NOW the petitioner, Micheal L. McLaughlin, appearing In Properia Persona now seeking reconsideration of this court's order summarily dismissing the above captioned petition seeking a writ of Habeas Corpus by authority of Civil Rule 77(k)

   This motion comes timely and in accord with the provisions of Civil Rule 77(k) as the certificate of distibution by the clerk is dated November 7, 2008. Further support upon the premise may be found in the memorandum attached hereto.

   SUBMITTED this the _11th_ of _November_, 2008.

                  _____
                  Micheal L. Mclaughlin
                  In Properia Persona
                  Petitioner

Micheal L. McLaughlin, pro per
c/o Wildood Pretrial Facility
5 Chugach Ave., 99611
Kenai, Alaska

I certify that a true and correct copy of this motion and all of its attachments was served by mail to; _Lance Joanis, Esq - KDOA_, and; the PARTY IN REAL INTEREST, to wit _Homer District Court_, on this the _11th_ of _November_, 2008.

"Exhibit L-1"

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI ALASKA

MICHEAL L. McLAUGHLIN, )
)
        Petitioner; )
v. )
)
STATE OF ALASKA, )
)
        Respondent. )
)
_____ ) Case No.# 3KN-08-926 CI.,

MEMORANDUM SUPPORTING MOTION TO RECONSIDER

    COMES NOW the petitioner, Micheal L. McLaughlin, appearing In Properia Persona to now so move this court for reconsideration of the order summarily dismissing the petition seeking a writ of Habeas Corpus filed by Mclaughlin by authority of Civil Rule 77(k).

    Specifically, the petitioner now so moves this court contending that this motion to reconsider is appropriate based upon the following enumerated grounds;

    1) That this court has overlooked, misapplied, or failed to consider ....principles directly controlling..." as would be allowed by Civil Rule 77 (k)(1)(i), and;

    2) That this court has overlooked, or misconcieved some material fact...[and/or]...proposition of law..." as would be allowed by Civil Rule 77 (k)(1)(ii).

    In the alternative, Mclaughlin would so move this court to issue a finding of facts and conclusions of law by which he may seek appellate review of what is a final judgment as defined by Appellate Rule 202(b), and Juneau v. Thibodeau, 595 P.2d 626, 628-29 (1979).

Micheal L. McLaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave.,
Kenai, Alaska 99611

"Exhibit L-2"
000317
Case 3:10-cv-00272-TMB Document 1-13 Filed 12/14/10 Page 2 of 5

Mclaughlin first brings this motion upon the factual premise that he had previously asked the Homer Court to close File No.# 3HO-08-249 CI., even before it was even actually accepted for filing. This first occurred on October 28, 2008 in open court, and the same request has since been forwarded twice more in writing to same said court. The petitioner took this action for reasons based in both fact and law, the foremost of which is that the Homer District Court lacks subject matter jurisdiction to hear a petition seeking a writ of Habeas Corpus; A.S. 22.20.020(c), A.S. 22.15.120. Yet a prisoner has the right to challange the jurisdiction of the court which restrains him by and through the vehicle of Habeas Corpus, Flanigan v. State, 3 P.3d 372, 376 (App 2000). The petitioner's claims challanging the validity of the prior convictions being used as an element in the offense in a Felony DUI prosecution is undisputably a jurisdictional question of law, Tyler v. State, 24 P.3d 1260, 1262 & n. 9 (App 2001).

In this regard, the facts and circumstances by which those documents even ended up in Homer are still a matter of inquiry. These pleadings had previously left the Wildwood Pretrial Facility via the United States Postal Service on or about November 6, 2008 addressed to the Kenai Superior Court. The investigation thus far has yielded more questions that answers, and McLaughlin filed surrogate documents with the Kenai clerk which were accepted and assigned a case number on November 23rd. Mclaughlin is currently preparing to bring this inquiry before the Commission on Judicial Conduct as these circumstances are the latest in a long line of procedural improprieties in the underlying criminal matter.

In any event, and as previously indicated, the Homer Court would lack subject matter jurisdiction to hear a petition seeking a writ of Habeas Corpus

"Exhibit L-3"

as a matter of statutory law anyhow. First in this regard, it is well settled
law that subject matter jurisdiction of a court speaks to the class of cases
it is permitted to hear, and that fall within the authority which is granted it
by statutory law, Bowles v. Russell, ___ U.S. ___, 127 S.Ct. 2360, 168
L.Ed.2d 96, 103 (2007). Equally fundamental, is the fact that in Alaska, the
jurisdiction of the courts, "...shall be prescribed by law..." Article IV § 1
of the Constitution of Alaska, Nolan v. Sea Airmotive, 627 P.2d 1035, 1044
(1981). This has been given to mean that the statutes which prescribed the
jurisdiction of a court are controlling, and both A.S. 22.20.020(c) and the
provisions of Civil Rule 86(c)(2) unequivocally prescribe that a writ of
Habeas Corpus is only, "...returnable before a judge of the Superior court..."
Accordingly, the Kenai court is in error when it relinquishes it's jurisdiction
over this matter to an inferior court.

The courts judgment should not be swayed by the format employed by the
petitioner either, as such is procedurally proper; Criminal Rule 35.1(b),
Flanigan v. State, 3 P.3d at 381 (Judge Mannheimer concurring). Again, it is
the objective of the litigation, the relief which is sought, which shall then
determine the class of case brought, and the court provided forms allow the
petitioner to comply with the requirements of Civil Rule 86(b) as well as any
other. Indeed, the fact that the legislature had intended two separate and
distinct statutory schemes is evidenced by the statutes themselves. Habeas
Corpus being governed by the provisions of A.S. 22.20.020(c) and A.S. 12.75,
while applications for post-conviction relief are governed by A.S. 12.72.030
as it is indicated in Donnelly v. State, 516 P.2d 396, 398 n. 2 (1973). Clearly,
the latter is predicated upon a proper and pre-existing jurisdiction which

would have to be absent for a litigant to have proper standing to seek a writ of Habeas Corpus, Flanigan, 3 P.3d at 376. Accordingly, reconsideration of this issue is proper as a matter of law.

## CONCLUSION

The file which was created in Homer is a nullity in law as the Homer Court was neither petitioned to, nor is it jurisdictionally charged with, the proper and rightful excercise of authority to hear Mclaughlin's petition seeking a writ of Habeas Corpus. It is based upon this premise, that Mclaughlin does now so move for the reconsideration of this court as a matter of statutory law.

SUBMITTED this the 11th of November, 2008.

Micheal L. McLaughlin
In Properia Persona
Petitioner