

MICHEAL L. McLAUGHLIN
IN PROPERIA PERSONA

c/o Wildwood Pretrial Facility
5 Chugach Ave., Suite # 222
Kenai, Alaska    99611

November 30, 2008.

Alaska Court System - Homer
c/o Clerk of the Homer Court
3670 Lake Street, Suite # 400
Homer, Alaska    99603

Re; <u>Mclaughlin v. State</u>, 3HO-08-249 CI.,

Madam Clerk,

    Enclosed you will find my timely notice(s) for peremptory challange as is allowed by <u>Civil Rule 42(c)</u>. I have taken the liberty of offering two such pleadings simply beacuse I have no clear idea who it is that has been officially assigned to the case, or for that matter, the ancillary Kenai file either, (See; <u>McLaughlin v. State</u>, 3KN-08-926 CI.). In any event, since the hand-delivered notice of November 25, 2008 is the first written instrument I have recieved in either matter, let us begin with the premise that these documents come before this court as timely. That they have been timely filed by mail within the five day period prescribed by <u>Civil Rule 42(c)(2)</u> and <u>(c)(3)</u>.

    Madam Clerk, ever since my first set of pleadings (the set that is in your file??) were "hijacked" somewhere between the Wildwood Pretrail Facility and the Kenai Courthouse, I have been bset with a myriad of preplexing circumstances that are not readily explainable by either the <u>Civil Rules</u> or any other accepted procedure which is known to me. It is my understanding that Judge Murphy's law clerk first recieved these pleadings, but she was not present when I first later learned of their whereabouts in open court from Judge Murphy on the November 28, 2008 record in <u>State v. Mclaughlin</u>, 3HO-S06-506 CR.. However, in a letter dated November 28th, and directed towards the Homer file number, I later asked the same clerk to enlighten me if she could concerning this vaxatious situation. I would now renew this request because, quite frankly, I am at a loss and had my pleadings not been intercepted on or about October 10, 2008, the States' answer would now have been due. Perhaps, if I can produce some factual basis which would allow me to make an affirmative showing, I may be able to obtain some form of equitable relief.

    In any event, there are some other things I do not understand which perhaps may be clarified by your office as well. The first of these questions has to do with judicial assignment. Obviously, the peremptory challange will address the prospective aspects of this issue. However, I am still as yet vexed. First of all, I had previously sent two (2) notices to the Homer court asking that my



000324

"Exhibit N-1"

property be returned to me. (Re; letters dated October 28, 2008 and November 7, 2008). This in addition to having verbally asked Judge Murphy personally to return my property on the October 28th record in the underlying criminal matter. At that time she instructed me to put the request in writing. Also during this time the Kenai court, who had recieved and accepted my replacement filing on October 23, 2008, somehow then got the idea that the Homer matter was an active case even though it was not formally accepted for filing until a month later on November 25, 2008. This resulted in the Kenai court summarily dismissing my petition seeking a writ of Habeas Corpus on November 7th. stating that, "..this matter has already been filed in Homer..." These matters themselves present a perplexing circumstance which is current the subject of a motion to reconsider, and will most likely be heading to the Court of Appeals.

Another circumstance which I find equally confusing is the fact that these notice documents which I recieved as hand-delivered while I was being held in Homer for ten (10) days, bear different indications as to which one of these judicial officers is actually hearing the matter, and in fact, one of those documents appears to have been altered to effect this circumstance. As to this aspect, when Judge Huguelet dismissed the Kenai file, I immediately sought his reconsideration based upon the premise that the District Court in Homer simply lacks jurisdiction to hear a petition seeking a writ of Habeas Corpus. I also served a copy of that pleading upon the Homer court as a PARTY IN REAL INTEREST by mail on November 11th. Subsequently, when I appeared on November 17, 2008, and while on the record in 3HO-S06-506 CR., Judge Murphy specifically told me that she had given the case file over to Judge Huguelet because her court lacked jurisdiction to hear the matter. Obviously then, I was again perplexed to find that the notice(s) provided to my on Novmeber 25th indicated that Judge Murphy had been assigned. Especially vaxatious, is where it appears that the order granting the request for fees reduction had been altered in some way prior to its being copied, and bore Judge Huguelet's signature. Clearly, some form of direct clarifiaction would be appropriate.

Madam Clerk, it is abundently clear that this situation has become unique in the annals of Homer's jurisprudence. However, such procedural anomilies are impeding my lawful access to the court(s) and such is objectionable. As I have previously indicated, had my initial pleadings made it before the Kenai court as they had been properly addressed some fifty (50) days ago, the States' response in this matter would be forthcoming. Perhaps I may be able to seek and obtain some form of equitable relief from the new judge which will be assigned. In the interme, I would merely ask that your office seek this re-assignment at your earliest possible convienence. As you may be aware, there is ancillary court proceedings pending with dates imminent, and prompt action on my part will now be required to prevent ireparable harm to my legal position overall as a direct result of this situation.

Also, I would respectfully request that some factual determination now be offered by your office concerning this circumstance as well. Obviously, if I have any hope of obtaining equitable relief a letter from the Office of the Clerk concerning procedural fact would carry far more weight than representations made by a state prisoner with a fifth grade education. While I am cognizant of

000325

the fact that the Clerk's office is to remain as a neutral and separate entity, what I seek is only a letter concerning the known facts. Facts which may be readily deduced from the file and/or your memeory of these events. Given the implications, the Office of the Clerk may also wish to consider the benefits of this in regards to distancing the Clerk from what appear to be, on it's face, impropriety.

In closing Madam Clerk, I would now merely just thank you in advance for your time and any additional consideration you are now able to provide concerning this most baffling situation. Please note that, by copy of this correspondence, I have properly served opposing counsel. I have also taken the liberty of then inviting others to consider these matters as they are listed below. Again, any assistance you are now able to provide would be sincerely appreciated. Happy holidays and God Bless !!!

                                                Sincerely and respectfully,

                                                Micheal L. Mclaughlin
                                                In Properia Persona
                                                Petitioner

cc; Lance Joanis, Esq.,
      KDO - Opposing counsel
   Charles A. Winegarden, Esq.,
      Winegarden, Florence & Walton
   Ms. Marla Greenstein, Exec. Director
      Commission of Judicial Conduct
   The Honorable Morgan Christensen
      Presiding Judge, Third Judicial Dist.
   File/08-249 CI.,

*I certify that a true and correct copy of this letter and all of its enclosures was served by mail to Lance Joanis, Esq at the Kenai DAs Office - 120 Trading Bay Way - on 12/1/08.*

*—Mel. Mclhulin 12/1/08*

"Exhibit N-3"

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT HOMER

MICHAEL L McLAUGHLIN

        Plaintiff,

vs.

STATE OF ALASKA

        Defendant.

CASE NO. 3HO-08-248 CI

**NOTICE OF CHANGE OF JUDGE**
(Peremptory Challenge)

Pursuant to Civil Rule 42(c)/Criminal Rule 25(d), **MICHAEL L. McLAUGHLIN**,
☒ plaintiff ☐ defendant, hereby peremptorily challenges the judge assigned to this case,
Judge **CHARLES T HUGUELET**. Names and addresses of all parties (or their attorneys) in this case are (attach additional sheet if necessary):

LANCE JOANIS - KDA     120 TRADING BAY WAY SUITE 200
                                  KENAI, ALASKA 99611

I certify that a copy of this notice has been sent to each of the persons listed above.

11/30/08
Date

_Signature_
MICHAEL L. McLAUGHLIN
Type or Print Name

---

**FOR COURT USE ONLY**

Notice is ☐ timely. ☐ not timely.
☐ A peremptory challenge has not previously been filed.
☐ A peremptory challenge was previously filed by ☐ plaintiffs. ☐ defendants.

Date        Clerk / Judge

**ORDER**

☐ This case is reassigned to Judge _____.
☐ This Notice of Change of Judge is not approved because
    ☐ It is not timely.
    ☐ Other:_____

Date        Judge / Clerk

Type or Print Name

I certify that on _____,
a copy of this order was sent to:
Judge _____
Judge _____
Parties/Attys _____
Clerk: _____

**CALENDARING NOTICE**
TRIAL DATE: _____
CALENDAR CALL: _____
LOCATION: _____
OTHER: _____

TF-935 (2/00)(st.4)
NOTICE OF CHANGE OF JUDGE

"Exhibit N-4"

000327

Case 3:10-cv-00272-TMB   Document 1-15   Filed 12/14/10   Page 4 of 4