IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHEAL McLAUGHLIN, a/k/a MICHAEL McLAUGHLIN[1]<br><br>Plaintiff,<br><br>vs.<br><br>THE ALASKA SUPREME COURT, et al.,<br><br>Defendants. | Case No. 3:10-cv-00272-TMB<br><br>ORDER of DISMISSAL |

Micheal McLaughlin, a self-represented state prisoner, has filed a civil rights complaint under 42 U.S.C. § 1983, claiming that the defendants violated his civil rights during his state criminal and post-conviction proceedings. Doc. 1. Under 28 U.S.C. § 1915(e)(2)(B), the court must screen the complaint and dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which

---

[1] Mr. McLaughlin spells his first name "Micheal" in this case. However, most (but not all) of his state cases are under the name "Michael McLaughlin," including the case he takes issue with in this current action. *See, e.g., Michael McLauglin v. State of Alaska*, 214 P.3d 386 (Alaska App. 2009); *State of Alaska v. Michael McLaughlin*, Case Nos. 3HO-06-00506CR, 3HO-04-00575CR, 3KN-03-01191CR, 3HO-02-00344CR, 3HO-02-00124CR, 3HO-00-00256CR, 3HO-00-00238CR, 3HO-00-00146CR, 3HO-00-00012CR; *compare Micheal McLaughlin v. State of Alaska*, 173 P.3d 1014 (Alaska App. 2007); *Micheal McLaughlin v. State of Alaska*, Case Nos. 3KN-10-00615CI, 3KN-09-009775CI; *Micheal McLaughlin v. Alaska Bar Association*, Case No. 3AN-08-06995CI.

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2]

In conducting its review, the court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[3] Before a court may dismiss Mr. McLaughlin's complaint for failure to state a claim upon which relief may be granted, the court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[4] In this case, amendment would be futile.

---

[2] *See also* 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) (specifically screening prisoner civil rights actions).

[3] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (The pro se plaintiff is held to "less stringent standards than formal pleadings drafted by lawyers"); *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004) ("We construe the complaint liberally because it was drafted by a pro se plaintiff."); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

[4] *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)").

## Jurisdiction and Appropriate Remedy

As a federal court, this court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Mr. McLaughlin's burden, as the plaintiff, to establish that this court has jurisdiction to hear the claims.[5] "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[6]

After a long history of alcohol-related convictions,[7] Mr. McLaughlin was convicted of a felony DUI in the Alaska state courts, where he brought an unsuccessful interlocutory appeal, as well as a post-conviction petition which was denied as having been brought beyond the limitations period.[8] Mr. McLaughlin alleges that the defendants violated his rights during his state criminal and post-conviction proceedings. For instance, Mr. McLauglin alleges that the indictment in his criminal case was flawed; that he was denied the right to testify on his own behalf; and that he was "handed down a nine year sentence for a victimless DUI where there were no allegations of drunkenness or even poor driving, and the

---

[5] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[6] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

[7] *See* http://www.courtrecords.alaska.gov/pa/pa.urd/PAMW6500.

[8] *See, e.g., McLaughlin v. State*, 214 P.3d 386 (Alaska App. 2009); *McLaughlin v. State*, 173 P.3d 1014 (Alaska App. 2007).

arresting officer admitted to the jury that his affidavit of probable cause had been falsified." Doc. 1 at 7, 9, 11.

This court is not a court of appeals in which to generally challenge state court decisions.[9] Mr. McLaughlin appealed the denial of his petition for post-conviction relief in the state courts, where he could (and may) have brought his current claims. In federal court, "[t]he writ of habeas corpus is a major exception to the doctrine of res judicata, as it allows relitigation of a final state-court judgment disposing of precisely the same claims."[10] If Mr. McLaughlin wants to challenge the fact or duration of his confinement, the proper remedy is that of a petition for writ of habeas corpus, not a civil rights complaint:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[11]

---

[9] *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (citing, inter alia, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)) (a United States district court "has no authority to review the final determinations of a state court in judicial proceedings," even where the challenge to the state court decision involves federal constitutional issues)); *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction ... federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

[10] *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 512 (1982).

[11] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002), quoting *Heck*, 512 U.S. at 487 n. 6 ("In evaluating whether claims are barred by *Heck*, an important touchstone is

Further, "[t]he fact that [a plaintiff] seeks money damages . . . as a remedy does not alter this conclusion."[12] If Mr. McLaughlin wants to litigate issues that resulted in his conviction or sentence, he must do so in a properly and timely filed habeas petition, after full exhaustion of his state court remedies.

## State Immunity

Further, Mr. McLaughlin has brought suit against the Alaska Supreme Court and the Alaska Bar Association. Doc. 1 at 1-3, 6. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state."[13] States are not "persons" for purposes of § 1983.[14] Thus, section 1983 claims against states are considered legally frivolous.[15]

---

whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'").

[12] *See Wilkinson v. Dotson*, 125 U.S. 1242, 1248 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

[13] *Brooks v. Sulphur Springs Valley Elec. Co-op*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992) (citations omitted); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 66 (1996); *Brown v. California Dept. of Corrections*, 554 F.3d 747 (9th Cir. 2009) (§ 1983 is "not intended to abrogate a State's Eleventh Amendment immunity") (citations omitted).

[14] *See Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1069 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[15] *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

Eleventh Amendment immunity bars suits against state agencies as well as those where the state itself is named as a defendant.[16] Except for suits filed against state officials, the Eleventh Amendment bars suit regardless of the relief sought.[17] Therefore, Mr. McLaughlin's claims against the Supreme Court for the State of Alaska and the Alaska Bar Association are barred by Eleventh Amendment immunity,[18] and those defendants must be dismissed as required under 28 U.S.C. § 1915(e)(2)(B)(iii).

## Judicial Immunity

In a civil rights action, judges are entitled to absolute immunity.[19] "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[20] In fact, "[j]udicial immunity applies 'however erroneous the act may have been, and however injurious in its

---

[16] *See Regents of the University of Calif. v. Doe*, 519 U.S. 425, 429 (1997); *Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).

[17] *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1349 (9th Cir. 1990).

[18] *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995).

[19] *See Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Martinez v. Newport Beach City*, 125 F.3d 777, 780 (9th Cir. 1997).

[20] *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*).

consequences it may have proved to the Plaintiff.'" [21] Judicial immunity "is not overcome by allegations of bad faith or malice [but] applies even when the judge is accused of acting maliciously or corruptly."[22] As explained by the United States Supreme Court, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages."[23] Judges are "absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts ... A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."[24]

"To determine if a given action is judicial ... courts [should] focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[25] Nothing in Mr.

---

[21] *Id*. (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1301-02 (9th Cir. 1989).

[22] *Mireles*, 502 U.S. at 11 (quoting *Pierson*, 386 U.S. at 554).

[23] *Id*.

[24] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.) (*per curiam*), *cert. denied*, 488 U.S. 995 (1988) (citation omitted).

[25] *Ashelman*, 793 F.2d at 1075-76.

McLaughlin's complaint indicates that any judge or justice was acting in anything other than his or her official judicial capacity.

"[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his or her judicial capacity."[26] As to all of the allegations made by Mr. McLaughlin in his complaint, the acts performed by the judges were functions normally performed by judges, and the judges were dealt with by the parties in their judicial capacities. Therefore, the judges named as defendants in this action are entitled to absolute judicial immunity.

Mr. McLaughlin's remedy, if he disagrees with a decision of a judge, is in an appeal (such as those he filed), or petition for post-conviction relief. His remedy does not lie in a civil rights lawsuit against the various participants in the state court system, or the Alaska Commission on Judicial Conduct, which failed to recommend sanctions in light of Mr. McLaughlin's claims against the judges.[27]

The judges must, therefore, be dismissed as defendants in this case, as required by 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[26] *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. at 362).

[27] *See* Doc. 1 at 5, 11 - 15. The court knows of no rights created in favor of Mr. McLaughlin through the Alaska Commission on Judicial Conduct. Thus, his rights cannot be violated by action or inaction on the part of the Executive Director of the Commission. *See* Alaska Constitution, Art. 4, § 10; AS §§ 22.30.010 - 22.30.080; *see also Inquiry Concerning a Judge*, 822 P.2d 1333, 1339 (Alaska 1991).

## Conspiracy

Mr. McLaughlin claims that the defendants have conspired against him. Where a plaintiff alleges conspiracy, the complaint must contain more than conclusory allegations.[28] Mr. McLauglin has alleged no plausible facts in support of his claim of a conspiracy by the defendants. For example, Mr. McLaughlin's claims of conspiracy for actions taken in the court system to insure that his petition for post-conviction relief was filed in the proper court, reach the level of frivolous.[29] Mr. McLaughlin states that when he attempted to bring a post-conviction petition in the state court, his petition was "stolen" ("disappearing" between the time it was sent from Wildwood Correctional, and being verified as being received by the court clerk in Kenai), only to later turn up on the hands of a district court judge who was sitting as a superior court judge in his case. In the meantime, Mr. McLaughlin says that he mailed a "surrogate" petition. Mr. McLaughlin believes that the prosecutor "most likely" intercepted his mail, so that it would be filed in Homer

---

[28] *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1996) (summary judgment granted when plaintiffs "did not . . . allege in their complaint, or subsequently set forth, any facts to demonstrate an agreement between [defendants]" in support of their § 1983 claim); *Buckley v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1991) (§ 1983 complaint dismissed when it failed to "allege specific facts to support the existence of a conspiracy among the defendants").

[29] *Compare, e.g., Hill v. Lappin*, ___ F.3d ___ 2010 WL 5288892 (6th Cir. Dec. 28, 2010) (Where the plaintiff's allegations are "at least plausible, his complaint should not be dismissed as frivolous.") (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), and *Neitze v. Williams*, 490 U.S. 319, 327-28 (1989)).

(where his criminal case was brought), rather than Kenai, where he initially sent the document. Doc. 1 at 7-8. Mr. McLaughlin also claims that a judge made a "thinly veiled threat" against his attorney, by explaining that a motion may need "to be addressed in ...venues other than this one," causing his attorney to flee the state, and have no more contact with Mr. McLaughlin. Doc. 1 at 9-10. Further, Mr. McLaughlin claims that he was "covertly informed by prison staff that he was about to be moved to another facility." Doc. 1 at 16.

"Factual frivolousness includes allegations that are clearly baseless, fanciful, fantastic, or delusional," or which "rise to the level of the irrational or the wholly incredible."[30] Although Mr. McLaughlin is proceeding pro se and his pleadings must be liberally construed, they must also be plausible.[31] Here, his allegations do not appear plausible.

Therefore, **IT IS HEREBY ORDERED** that this case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim under

---

[30] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325.).

[31] *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Hebbe v. Plier*, 2010 WL 4673711 (9th Cir. Nov. 19, 2010).

federal civil rights law, without prejudice to properly filing a meritorious, timely[32] petition for writ of habeas corpus, after full exhaustion of state court remedies.[33]

DATED this 6th day of January, 2011, at Anchorage, Alaska.

/s/ TIMOTHY M. BURGESS
United States District Judge

---

[32] *See* 28 U.S.C. § 2244(d)(1) (one-year limitations period).

[33] 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) ("A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. ... A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition.").